### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROLAND MARTIASHVILI,<br>Plaintiff, | No. 3:21-cv-1643 (SRU) |
| v. | |
| HEVER CANALES, ET AL.,<br>Defendant. | |

### ORDER AND RULING ON PLAINTIFF'S MOTION TO REMAND

After suffering injuries arising from a motor vehicle collision, plaintiff Roland Martiashvili ("Martiashvili") commenced a tort action against defendants Hever Canales ("Canales") and Hash Trucking, Inc. ("Hash Trucking," collectively "Defendants") in Connecticut Superior Court.  Defendants removed the case to this Court.  Martiashvili now requests that this Court abstain from hearing the case pursuant to the *Colorado River* abstention doctrine and seeks an order remanding the action.  Because there are not exceptional circumstances warranting abstention in this case, Martiashvili's motion is denied.

## I.    Background

On December 1, 2019, plaintiff Roland Martiashvili was driving on I-95 South in West Haven, Connecticut when his car was allegedly hit by a tractor trailer driven by Canales for Hash Trucking ("the Collision").  Martiashvili was injured.  As a result, On November 11, 2021, Martiashvili brought suit in Connecticut Superior Court, Meriden Judicial District against Canales and Hash (the "Driver Action").  Doc. No. 1-1.  On December 10, 2021, Defendants removed the case to federal district court on the basis of the parties' diverse citizenship.  Doc. No. 1 (citing 28 U.S.C. §§ 1441, 1446).

Martiashvili now moves for remand, asserting that the collision has prompted related litigation in state court such that this Court should abstain under the *Colorado River* doctrine. Doc. No. 15.  Martiashvili points the Court to a November 11, 2021 lawsuit filed by the passengers of his vehicle, Kristina and Enrike Martiashivili (collectively, the "Passengers") against Martiashvili, Canales, and Hash Trucking (the "Passenger Action").  *See Martiashvili, Kristina, et al. v. Martiashvili, Ronald E., et al.*, Dkt. NNI-CV-21-6025156-S (Conn. Sup. Ct. Nov. 11, 2021).

Defendants have not filed an objection to the motion for remand, so the motion is deemed unopposed.

II. **Discussion**

Pursuant to the *Colorado River* doctrine, a federal court may abstain in favor of pending state court actions in limited, exceptional circumstances.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).

As a threshold matter, the court may only abstain if the federal and state proceedings are parallel actions.  *Credit–Based Asset Servicing & Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 359 (D. Conn. 2009).  "In determining whether the actions are concurrent, a court may consider whether both actions involve the same (1) parties, (2) subject matter, and (3) relief requested."  *Id.*

Here, the actions appear to be parallel.  Both disputes involve the plaintiff and defendants in the instant action, even though the plaintiffs in the Passenger Action are not parties to the Driver Action.  Here, in the Driver Action, the parties are Martiashvili, Canales, and Hash. There, in the Passenger Action, the parties are Martiashvili, Canales, Hash, and the two

passengers in Martiashvili's vehicle.  In addition, the subject matter is essentially the same. Factually, both cases concern the motor vehicle collision at issue in the instant action.  Legally, both cases will address liability for personal injuries and losses arising from the Collision: whether Canales's negligent operation of his tractor trailer caused the Collision; if so, whether Hash Trucking is vicariously liable for Canales's negligence; and whether Martiashvili's negligent operation of his car caused and/or contributed to the Collision.  Moreover, the relief requested is substantially the same.  Here, Martiashvili seeks pecuniary damages and costs; there, the Passengers also seek pecuniary damages and costs.  Accordingly, I conclude that the Driver Action and Passenger Action are concurrent proceedings.

Once a court has determined that there are parallel federal and state court proceedings, it next considers: (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether state or federal law applies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.  *Burnett v. Physician's Online, Inc*., 99 F.3d 72, 76 (2d Cir. 1996) (citing *Colorado River*, 424 U.S. at 818-19); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 15-16 (1983).  "Although the test for *Colorado River* abstention is no 'mechanical checklist,' the district court must balance the relevant factors in reaching its decision."  *Burnett*, 99 F.3d at 77 (emphasis removed) (quoting *Moses H. Cone Mem'l Hosp*., 460 U.S. at 16).  And because "[o]nly the clearest of justifications will warrant dismissal," *Colorado River*, 424 U.S. at 819, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it."  *Woodford v. Community Action Agency of Green County, Inc*., 239 F.3d 517, 522 (2d Cir. 2001).

Factor one is inapplicable and therefore neutral, because there is no res or property at issue. Doc. No. 15-1 at 4. The absence of this factor counsels against abstention.

Factor two, the inconvenience of the forum, is also neutral. With respect to the Connecticut-based Martiashvili (and perhaps Kristina and Enrike Martiashvili, if they are also based in Connecticut), the District Court in Bridgeport and Superior Court in Meriden are roughly forty miles and forty minutes apart by car. "[W]here the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999). In this case, the two seats of court are sufficiently similarly convenient. For Florida-based Canales and Hash Trucking, Bridgeport and Meriden are likely "six of one, and half dozen of the other." Accordingly, the second factor counsels against abstention.[1]

Factor three, avoidance of piecemeal litigation, weighs in favor of abstention. Martiashvili asserts that this case will be consolidated with the Passengers' Action. With no orders regarding consolidation nor even pending motions to consolidate in either underlying state court case, I can only conclude that there is a mere possibility that the state actions could be consolidated and not that it is a foregone conclusion. Nevertheless, I presume that the Passenger Action cannot be removed to federal court because of Martiashvili's presence as a local defendant, and I accept that it is likely consolidated actions would promote judicial efficiency.[2] As a result, this factor favors abstention.

---

[1] Plaintiff construes the convenience factor as referring to court rules and procedures, an inapposite analysis. *See* Doc. No. 15-1 at 4. A *Colorado River* analysis calls for a geographic assessment of convenience. *E.g., Colorado River,* 424 U.S. at 820 (weighing "the 300-mile distance between the District Court in Denver and the court in Division 7"); *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) ("Simultaneous litigation in Chicago and either Peoria or Aurora," roughly three hours apart, "would certainly inconvenience both parties.").

[2] Under the "forum defendant rule," a civil action that is otherwise removeable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

At the same time, a risk of conflicting state and federal court judgments sufficient to warrant abstention must generally be one that undermines a federal policy or interest in uniformity. *E.g.*, *Colorado River*, 424 U.S. at 819 (where the most important factor supporting abstention was the "clear federal policy evinced by [the McCarran Amendment] . . . [of] avoid[ing] . . . piecemeal adjudication of water rights in a river system"). Without evidence of such interest or policy, federal courts have s a "'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15 (quoting *Colorado River*, 424 U.S. at 817). Here, permitting the Driver Action and Passenger Action to proceed in parallel in state and federal courts would not implicate any federal policy; therefore, parallel litigation will not risk undermining any federal interest in uniformity. Moreover, principles of collateral estoppel will reduce the risk of inconsistent outcomes.

Factor four, the chronological order by which the suits obtained jurisdiction, is effectively neutral. The Driver Action and the Passenger Action were both filed in Superior Court on November 11, 2021, and the Driver Action was removed about one month later on December 10, 2021. Chronologically, the state court had jurisdiction first. But "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. Here, in both the Driver Action and the Passenger Action, the suits are in their earliest phases. Thus, the fourth factor is neutral and counsels against abstention.

Factor five, whether state law supplies the rule of decision, also weighs in favor of abstention because this Court will apply state law. It is worth noting, however, that "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F.3d at 124. Here, there has been no argument that

5

the state law issues are novel or complex; thus, "if the absence of federal issues advises dismissal at all, it is to an extremely limited degree and is not sufficient to overcome the strong presumption in favor of exercising jurisdiction." *AM Broadband, LLC v. First Fin. Ins. Co.*, No. 3:08-CV-378(CFD), 2009 WL 801646, at *2 (D. Conn. Mar. 25, 2009).

Factor six slightly favors abstention, because the state court proceeding will adequately protect the rights of all parties. However, "the possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action. This factor, like choice of law, is more important when it weighs in favor of federal jurisdiction." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986). Accordingly, factor six is "of little weight here." *Id.*

In conclusion, the *Colorado River* doctrine "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," *Colorado River*, 424 U.S. at 813, and federal courts are "under no duty to abstain simply because of the pendency of parallel litigation," *Jaeger v. Cellco P'ship*, 3:09cv567, 2010 WL 965730, at *4 (D. Conn. Mar. 16, 2010). A federal court's "task in cases such as this is not to find some substantial reason for exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Vill. of Westfield*, 170 F.3d at 122 (2d Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25–26).

Because there do not appear to be any exceptional circumstances warranting abstention here, Martiashvili's motion to remand is denied, and this Court will retain jurisdiction. If Martiashvili wishes to proceed in state court, he may consider withdrawing this action and counterclaiming in the Passenger Action.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge